UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JON A. DEMPSTER

VERSUS

DEPARTMENT OF VETERAN AFFAIRS
UNITED STATES OF AMERICA

CIVIL ACTION

16-774-SDD-EWD

## RULING

This matter is before the Court on the *Motion for Injunctive Order*[1] filed by Plaintiff, Jon A. Dempster ("Plaintiff"). Defendant, the United States of America, Department of Veteran Affairs ("the Government"), has not appeared or responded; however, the record reflects that it has not been properly served.[2] Plaintiff's motion is entitled as a request for injunctive relief; however, Plaintiff has failed to specify whether he seeks a preliminary injunction or a temporary restraining order. Plaintiff has likewise failed to argue the elements required under either procedural mechanism

Under well settled Fifth Circuit jurisprudence, a plaintiff's entitlement to a preliminary injunction depends upon a clear showing that: (1) there is a substantial likelihood he will prevail on the merits of his claim; (2) there is a substantial danger he will suffer irreparable injury if the injunction does not issue; (3) the threatened injury to plaintiff

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 10.
Document Number: 37197

outweighs any harm the injunction may cause the defendant; and (4) that granting the injunction will not harm the public interest.[3] Thus, the "extraordinary and drastic remedy" of a preliminary injunction will not be granted if the plaintiff fails to carry this heavy burden of proof on any of these four prerequisites.[4]

These requirements were not addressed or argued by Plaintiff. Moreover, the Court will not grant such a motion until the Government has been properly served and has an opportunity to respond.

Therefore, the Plaintiff's *Motion for Injunctive Order*[5] is DENIED without prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 24 day of January, 2017.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] *Howard v. Town of Jonesville*, 935 F.Supp.855, 858-59 (W.D. La. 1996), citing *Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir.1993); *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir.1990).
[4] *Id.*, citing *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir.1985) (quoting *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)).
[5] Rec. Doc. No. 5.

Document Number: 37197