| | |
|---|---|
| JON A. DEMPSTER | CIVIL ACTION |
| VERSUS | 16-774-SDD-EWD |
| DEPARTMENT OF VETERANS AFFAIRS, ET AL. | |

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants, the Department of Veterans Affairs ("VA") and the United States of America ("United States")(or "Defendants"). Plaintiff, Jon A. Dempster ("Plaintiff"), proceeding *pro se*, has filed a *Motion to Quash Defendants Motion to Dismiss This Tort*,[2] which the Court will treat as an opposition. Defendants filed a *Response*,[3] to which Plaintiff responded with a *Motion to Quash [Defendants][Motion to Dismiss] This Tort and Supporting Motions*.[4] Defendants subsequently filed a second *Response*.[5] For the reasons which follow, the *Motion to Dismiss* shall be GRANTED.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

This lawsuit was filed by Plaintiff proceeding *pro se* and *in formal pauperis* ("IFP"). He filed his original *Complaint*[6] on November 22, 2016, and named as Defendants the

---

[1] Rec. Doc. No. 30.
[2] Rec. Doc. No. 37.
[3] Rec. Doc. No. 38.
[4] Rec. Doc. No. 39.
[5] Rec. Doc. No. 41.
[6] Rec. Doc. No. 1.
42707

Department of Veterans Affairs and the United States. In the original *Complaint*, Plaintiff prays for damages in the amount of $777,000.00 for "disability compensation funds in arrears," additional damages in the amount of $223,000.00, and a lifting of unspecified "injunctive orders" against him.[7]

The Magistrate Judge conducted a status conference and ordered Plaintiff to file an amended complaint to cure the discrepancies between Plaintiff's original *Complaint* and his *Status Report*.[8] The amended complaint was to "be comprehensive and include all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended"; further, the amended complaint was to supersede the original *Complaint* and become the operative pleading in the proceeding matter.[9]

Plaintiff filed his *Amended Complaint* on March 31, 2017.[10] However, the *Amended Complaint* fails to specifically name either the VA or the United States as Defendants in this matter but simply refers to "defendants" throughout the document. Further, although the VA is specifically named in the caption of the *Amended Complaint*, the United States is not identified at all. Nevertheless, for purposes of this opinion, the Court will refer to both the VA and the United States as "Defendants."

Throughout his *Amended Complaint*, Plaintiff repeatedly references *Dempster v. VA*,[11] an action previously brought by Plaintiff against the VA and the United States for ostensibly the same denial of veteran's benefits alleged in this action. The prior action was dismissed without prejudice for insufficient service of process and lack of subject matter

---

[7] *Id.* at p. 2, ¶ 5.
[8] Rec. Doc. No. 26.
[9] Rec. Doc. No. 27, pp. 2 - 3.
[10] Rec. Doc. No. 28.
[11] No. 14-497-JWD-RLB, 2015 WL 3969895 (M.D. La. June 30, 2015).
42707

jurisdiction.[12] In the previous action, Plaintiff was not proceeding IFP and was solely responsible for service of process; here, Plaintiff's IFP status required the United States Marshal to effectuate service of process.

While Plaintiff's *Amended Complaint* is not a model of clarity, Plaintiff appears to be seeking the same previously sought award of veteran's benefits along with a plethora of new claims relating to the disability claims process utilized by the VA, including: the Privacy Act,[13] 38 U.S.C. § 1155,[14] the Federal Records Act,[15] malfeasance,[16] libel,[17] perjury,[18] slander,[19] defamation,[20] harassment,[21] public intimidation,[22] medical malpractice,[23] Civil RICO,[24] the *Bivens* doctrine,[25] the Civil Rights Act,[26] the Federal Tort Claims Act,[27] the Declaratory Judgement Act,[28] the Void Judgement Doctrine,[29] obstruction of justice,[30] misprision of felonies,[31] "[becoming] accomplices,"[32] "retaliating against a former federal agent and witness,"[33] "defrauding the United States,"[34] conspiracy,[35] and "[giving] a false

---

[12] *Id.*
[13] Rec. Doc. No. 28 at p. 2.
[14] *Id.* at p. 2.
[15] *Id.* at p. 2, 3, 4, 6, 14.
[16] *Id.* at p. 3, 4.
[17] *Id.*
[18] *Id.* at p. 4.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.* at p. 5.
[24] *Id.* at p. 5, 9, 10.
[25] *Id.* at p. 5, 8, 9, 10.
[26] *Id.* at p. 5, 8, 10, 12.
[27] *Id.* at p. 5, 8.
[28] *Id.* at p. 5, 7, 8, 9, 11, 12.
[29] *Id.* at p. 5, 9, 11.
[30] *Id.* at p. 7, 11.
[31] *Id.* at p. 7.
[32] *Id.*
[33] *Id.* at p. 7, 9.
[34] *Id.* at p. 7.
[35] *Id.* at p. 10, 11, 12.
42707

statement to a member of the Senate of the Republic of the United States."[36] Many of these claims derive from both state and federal law, and some even appear to assert criminal violations by the Defendants.

Most of the factual allegations are quite nebulous; however, all claims ostensibly arise from the VA's alleged refusal to provide veteran's benefits to Plaintiff following injuries he sustained during his prior military service between August 21, 1979, and October 18, 1989.[37] Plaintiff alleges that the VA failed to properly review his "official military records, collated with initial claims forms and applications" in 1990 as well as in 2015.[38] Plaintiff further alleges that unnamed files and documents were lost by Defendants due to their "Malfeasance in Office," their alleged perjury of governmental forms, slander on governmental forms, libel and defamation, harassment, and public intimidation.[39] No specific factual allegations as to any of these claims are provided, such as identification of the alleged "governmental forms," who compiled or was responsible for said documents, what specific statements - and by whom - constitute slander, or how the alleged actions of the Defendants meet the legal elements of a harassment claim. Given the current lack of specificity in the allegations, Plaintiff's claims fail to "raise a right to relief above the speculative level," even considering the less stringent pleading standard applied to *pro se* litigants.[40]

Defendants now move to dismiss Plaintiff's case due to insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 4(m); lack of personal

---

[36] *Id.* at p. 6, 13, 14.
[37] *Id.* at p. 2.
[38] *Id.* at p. 28.
[39] *Id.* at p. 4.-5.
[40] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 125 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
42707

jurisdiction; lack of subject matter jurisdiction; and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(4),(5) and Rule 4(m)

Defendants argue that Plaintiff, in order to properly serve the VA, was required to serve process properly upon both the VA and the United States. Defendants contend that "[t]he record reflects that summons is deficient as to the VA and that service of process is also deficient as to the VA in this action. Accordingly, no defendant conceivably named in the action has been properly served with effective summons."[41] Defendants make this argument because service was attempted upon the Attorney General of the United States by personal hand-delivery, which is not an authorized method of service pursuant to Fed. R. Civ. P. 4(i)(1)(B). Further, Defendants argue that Fed. R. Civ. P. 4(a)(1)(B) requires that a summons be directed to a **defendant**—in this case, the VA. However, Defendants contend no summons was delivered to the Attorney General's office or the local office of the United States Attorney, and, therefore, this rule was not satisfied.

Defendants also argue Plaintiff is unable to demonstrate good cause for his failure to effectuate proper service of process. Defendants further claim that Plaintiff's *pro se* and *IFP* status does not excuse any failure to properly effectuate service, even when service was ordered by US Marshals, because Plaintiff was aware of the defects of the attempted service. Defendants cite *System Signs Supplies v. U.S. Dept. Of Justice*, in which the court determined that the plaintiff's *pro se* status did not excuse the technical imperfections of

---

[41] Rec. Doc. No. 33 at p. 4.
42707

service.⁴² Defendants further cite Fed. R. Civ. P. 4(i)(2), which provides that, "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."

In opposition, Plaintiff denies Defendants' assertion that service was improper, claiming: "Plaintiff is not in control of nor affiliated with the United States Marshals' office and had no other choice or option but to put significant trust in the Said Court for fulfillment of local rules regarding proper serving initial filings to defendants."⁴³ Plaintiff also refers to the Defendants' assertion that the Court lacks subject matter jurisdiction over his claims, but he fails to address this issue in any substantive detail. The *Amended Complaint* states that jurisdiction is proper under the Declaratory Judgment Act, Fed. R. Civ. P. 57, "related law," void judgment doctrine, *Bivens* doctrine, Civil RICO, Federal Tort Claims Act, Civil Rights Act, the Fifth Amendment, 28 U.S.C. § 1331, 28 U.S.C. § 133, 18 U.S.C. § 4, 28 U.S.C. § 1361, 42 U.S.C. § 1986, and states that "[v]enue is proper on the basis that (a) the federal government can be sued in any district court, including the [Middle District], and (b) Plaintiff was unlawfully and unconstitutionally hindered from filing any further papers in the Middle District courts, preventing the exercise of complete due process against the defendant where Plaintiff resides."⁴⁴ Nevertheless, Plaintiff fails to offer any substantive analysis setting forth the propriety of jurisdiction based on any of these cited sources.

The Court finds that it lacks jurisdiction over the Defendants as neither Defendant

---

⁴² 903 F.2d 1011 (5th Cir. 1990).
⁴³ Rec. Doc. No. 28 at p. 1.
⁴⁴ *Id.* at p. 9-11.
42707

has been properly served. The Fifth Circuit has held that "an IFP plaintiff who requests service on the proper defendant 'is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's service to properly effect service of process, where such failure is through no fault of the litigant.'"[45] "Nevertheless, once a plaintiff is aware of possible defects in service of process, he must attempt to remedy them."[46]

Pursuant to Fed. R. Civ. P. 4(i)(2), the Plaintiff is required to serve process upon both the VA and the United States.[47] Additionally, for service to be proper on the United States, a party must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or"[48] (2) "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."[49] Further, the Attorney General of the United States must be served a copy of the summons and complaint by registered or certified mail in Washington, D.C.[50] It is apparent from the record that neither Defendant has been properly served in this action.

While Rec. Doc. No. 7 does show that service was attempted on the Attorney General of the United States, the *Summons* and *Complaint* were directed to "Madam

---

[45] *Armant v. Stalder*, 351 Fed.Appx. 958, 959 (5th Cir. 2009) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).
[46] *Id.*
[47] Fed. R. Civ. P. 4(i)(2), "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."
[48] Fed. R. Civ. P. 4(i)(1)(A)(i).
[49] Fed. R. Civ. P. 4(i)(1)(A)(ii).
[50] Fed. R. Civ. P. 4(i)(1)(B).
42707

Loretta Lynch, United States Attorney." The Process Receipt and Return as well as the Proof of Service show that the *Summons* was personally delivered by a US Marshal to a person named "Ronnie DuBose."[51] As required by Fed. R. Civ. P. 4(i)(1)(B), the Attorney General of the United States is to be served through registered or certified mail. The Proof of Service further shows that the words "Mailed to defendant (organization) c/o The United States Attorney General" are stricken, and the words "walking distance" appear on the Process Receipt and Return.[52] Personal hand-delivery of service is not authorized under Fed. R. Civ. P. 4(i)(1)(B). Because service was improper on the Attorney General for the United States, the United States has not properly been served pursuant to Fed. R. Civ. P. 4(i)(1)(A)-(B). As such, service is also improper on the VA pursuant to Fed. R. Civ. P. 4(i)(2).[53]

The Fifth Circuit has held that a plaintiff granted IFP status "may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."[54]

As stated by Defendants, the ninety-day period within which Plaintiff was required to properly effectuate service upon Defendants under Fed. R. Civ. P. 4(m) has passed. Plaintiff has failed to argue or establish good cause as to why service was not properly effectuated upon the Defendants, and this action shall be dismissed.[55]

---

[51] Rec. Doc. No. 7.
[52] *Id.*
[53] "**To serve a United States agency** or corporation, or a United States officer or employee sued only in an official capacity, a **party must serve the United States** and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."
[54] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 447 (5th Cir. 1996) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).
[55] Pursuant to Ruling *in Dempster v. VA*, 2015 U.S. Dist. LEXIS 84657. "Furthermore, if Plaintiff does file 42707

### B. Motion to Dismiss Under Rule 12(b)(1)

Plaintiff's *Complaint* and *Amended Complaint* also warrant dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. Most, if not all, of Plaintiff's claims relate to the alleged denial of veteran's benefits. By law, jurisdiction over such claims lies exclusively with the United States Court of Appeals for Veterans Claims: "The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate."[56] The language of 38 U.S.C. § 511(a) and 38 U.S.C. § 7252(a) effectively foreclose Plaintiff's claims because district courts lack subject matter jurisdiction to review VA decisions regarding veterans' benefits as such jurisdiction has been limited by Congress exclusively to the United States Court of Appeals for Veterans Claims.[57] Because Plaintiff's claims under the Privacy Act merely restate claims regarding the denial of benefits, the Court lacks subject matter jurisdiction over the Privacy Act claims as well.[58] Thus, any claims relating to veteran's benefits are dismissed without prejudice to Plaintiff's right to file in the United States Court of Appeals for Veterans Claims.

### C. Motion to Dismiss Under Rule 12(b)(6)

Plaintiff claims should also be dismissed as Plaintiff fails to state a claim under Rule

---

another suit arising out of the same operative facts and fails to properly serve the right defendant in the proper way, as has been the case up to now, the case will again be dismissed in accordance with the law."
[56] 38 U.S.C. § 7252(a) and (c). See also, 38 U.S.C. § 511, 38 C.F.R. § 20.101.
[57] *Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995); *Sugrue v. Derwinski*, 26 f.3d 8, 11 (2nd Cir. 1994).
[58] The Court also notes that the United States has not waived its sovereign immunity over the following claims, and the Court likewise lacks subject matter jurisdiction over these claims: The Declaratory Judgments Act, 28 U.S.C. §2201; the Void Judgment doctrine; the *Bivens* doctrine; Civil RICO, 18 U.S.C. §§ 1961, *et seq*.; the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2671 *et seq*.; the Civil Rights Act, 42 U.S.C. § 186 & 28 U.S.C. § 1343; the Fifth Amendment to the U.S. Constitution; Federal Question jurisdiction, 28 U.S.C. § 1331; Misprison of a felony, 18 U.S.C. § 4; and Mandamus Jurisdiction, 28 U.S.C. § 1361.
42707

12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[59] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[60] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[61] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[62] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[63] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[64] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[65] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[66] On a

---

[59] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[60] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[61] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[62] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[63] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[64] *Twombly*, 550 U.S. at 570.
[65] *Iqbal*, 556 U.S. at 678.
[66] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
42707

motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[67]

To the extent that any claims survive dismissal under Rule 12(b)(1), those claims, even when held to the less stringent standard applied to *pro se* litigants, fail to provide sufficient factual information or specific detail to meet any cognizable plausibility standard. Plaintiff's pleadings contain only threadbare accusations and legal conclusions which appear to be mostly a reiteration of claims asserted in his prior action. Accordingly, Plaintiff's case shall be dismissed.

---

[67] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
42707

### III. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss*[68] is GRANTED. The Court finds that any amendment would be futile in this matter considering the Court lacks jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's claims for veteran's benefits are dismissed without prejudice; all other claims are DISMISSED with prejudice. Plaintiff's *Motion to Quash*[69] and *Motion to Dismiss [Defendants][Motion to Dismiss]*,[70] which the Court treated as opposition memoranda, shall be terminated.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 30, 2017.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[68] Rec. Doc. No. 30.
[69] Rec. Doc. No. 37.
[70] Rec. Doc. No. 39.
42707